UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-3686 PSG (Ex) | Date | June 26, 2014 |
|---|---|---|---|
| Title | White Dove Gifts, Inc. v. Highland Graphics, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:   (In Chambers) Order REMANDING Case to State Court**

On May 13, 2014, Defendants Highland Graphics, Inc. ("Defendant Highland Graphics") and Christopher Bennett ("Defendant Bennett") (collectively, "Defendants") filed a notice of removal of a civil action brought by Plaintiff White Dove Gifts, Inc. ("Plaintiff"). *See* Dkt. # 1. On June 2, 2014, the Court ordered Defendants to show cause why this action should not be remanded to state court. *See* Dkt. # 19. The Court specifically noted that although Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), both the Complaint and the Notice of Removal failed to allege the citizenship of Defendant Bennett. *Id.* The Court also noted that the matter in controversy did not appear to exceed $75,000. *Id.*

Defendants responded to the Court's order to show cause on June 16, 2014. *See* Dkt. # 20. Defendants' response adequately explains that the amount in controversy in this matter exceeds $75,000. *See Resp.* 3:17-6:3. However, Defendants' response fails to state the citizenship of Defendant Bennett pursuant to the state in which he is domiciled. *Id.* 6:9-12; *see also Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) ("A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'") (internal citations omitted). Defendants simply state that "Defendant Bennett is Operations Manager for Highland Graphics, Inc. and [sic] included in this suit as an officer of the defendant corporation which resides in Springfield, Tennessee." *Id.* Put another way, Defendants appear to believe that just because Defendant Highland Graphics employs Defendant Bennett, the Court may impute Defendant Highland Graphics' citizenship to Defendant Bennett, without directly establishing Defendant Bennett's citizenship. *See id.* But Defendants do not cite any authority for such a novel proposition of law. *See* Dkt. # 20. Nor do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 (lc)

# CIVIL MINUTES - GENERAL

| Case No. | CV 14-3686 PSG (Ex) | Date | June 26, 2014 |
|---|---|---|---|
| Title | White Dove Gifts, Inc. v. Highland Graphics, Inc., *et al.* | | |

Defendants recognize that Defendant Bennett is sued as an individual person, separate and apart from Defendant Highland Graphics.  *See Compl.* ¶¶ 3, 46; *see also Lew*, 797 F.2d at 749 (stating that individual citizenship pertains to the state in which the person is domiciled).  Thus, because Defendants fail to establish Defendant Bennett's citizenship, they necessarily fail to establish complete diversity of citizenship among the parties to this action.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996); *see also Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806).

The Court therefore finds, on its own motion, that it lacks subject matter jurisdiction over this case.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).  Accordingly, because the Court lacks subject matter jurisdiction, it REMANDS the case to state court.

**IT IS SO ORDERED.**